*E-Filed: June 17, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AUTOMATTIC INC. and RETRACTION WATCH, LLC,<br><br>　　　　Plaintiffs,<br>　　v.<br>NARENDRA CHATWAL,<br>　　　　Defendant.<br>_____/ | No. C13-05411 HRL<br><br>**ORDER DENYING MOTION TO AUTHORIZE ALTERNATIVE SERVICE OF PROCESS**<br><br>[Re: Docket No. 17] |

　　　Automattic, Inc. ("Automattic") and Retraction Watch, LLC ("Retraction Watch") sue Narendra Chatwal for allegedly misrepresenting that material is infringing copyright pursuant to 17 U.S.C. § 512(f). Plaintiffs allege that Chatwal copied ten articles from the Automattic-hosted Retraction Watch blog, posted the articles to his own website NewsBulet.in, then submitted a takedown notice to Automattic claiming that Retraction Watch had copied the articles from him. As required by Automattic's takedown notice form, Chatwal provided contact information, including a physical address in India and an email address, narendrachatwal@newsbulet.in. Plaintiffs' initial attempts to serve Chatwal were unsuccessful because the Indian address was defective. They now request an order allowing them to serve him by email and by posting notice on the Retraction Watch blog.

Rule 4(f)(3) provides for service of an individual in a foreign country "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). "Even if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process. To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).

At the hearing, counsel conceded that service by email was unlikely to be successful given that the physical address Chatwal provided at the same time was defective and that the newsbulet.in website no longer exists. Nevertheless, Plaintiffs' maintain that service by website publication is reasonably calculated to apprise Chatwal of the litigation because he has visited the Retraction Watch blog in the past, and the substantial effort put into his scheme demonstrates a great interest in the website such that he is likely to return in the future.

Before Plaintiffs resort to service by website publication, the Court thinks they should first make some effort to locate Chatwal, as is required for the analogous method of service by newspaper publication. *See AF Holdings LLC v. Pescadeso*, No. 3:12-cv-02404-SC (JSC), 2013 WL 394190, at *1 (N.D. Cal. Jan. 30, 2013) ("Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." (quoting *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995))). For example, to set up NewsBulet.in, Chatwal may have provided a domain registrar or other similar entity with personally identifiable information, which Plaintiffs could use to locate him. The Court is amenable to ordering early discovery to aid Plaintiffs in retrieving such information and otherwise attempting to locate Chatwal, should they move for such relief. Then, if Plaintiffs' reasonably diligent efforts to locate him prove unsuccessful, the Court may revisit the issue of service by website publication. Accordingly, Plaintiffs' motion to authorize alternative service of process is DENIED without prejudice.

2

1  **IT IS SO ORDERED.**

2  Dated: June 17, 2014



3  _____
   HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

**C13-05411 HRL Notice will be electronically mailed to:**

Joseph Charles Gratz     jgratz@durietangri.com, docketing@durietangri.com, records@durietangri.com

Michael Aaron Feldman     mfeldman@durietangri.com

Michael Henry Page     mpage@durietangri.com, docketing@durietangri.com, records@durietangri.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**